UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>JOSHUA A. WEISS and<br>GRAINNE M. COEN,<br><br>                              Defendants. | 24-cv-06988 (LJL)<br>[rel. 24-cv-06990] |

**FINAL JUDGMENT AS TO DEFENDANT JOSHUA A. WEISS**

The Securities and Exchange Commission having filed a Complaint and Defendant Joshua A. Weiss having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or

1

misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about

(a)    any investment in or offering of securities; or

(b)    the financial condition of any company; or

(c)    the financial performance of any company; or

(d)    the financial statements of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 17 C.F.R. § 240.13b2-2] by directly or indirectly

(1) falsifying, or causing to be falsified, any book or record subject to Exchange Act Section 13(b)(2)(A); or

(2) in connection with a required audit, review or examination of the issuer's financial statements or the preparation or filing of any document or report required to be filed with the Commission: (i) making or causing to be made a materially false or misleading statement to an accountant or (ii) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly, controlling any person who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-11 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11] by being an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and that fails to file periodic annual, current, quarterly, and other reports with the SEC containing such information as the Commission's rules prescribe and such further material information as may be necessary to make the required statements, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to the

Court's inherent authority to fashion appropriate equitable relief in this matter, and Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is enjoined for a period of three years from the date of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $30,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $30,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joshua A. Weiss as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

4

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

6

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____July 1, 2026_____, 2026.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

7